UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES L. MOORE,

    Plaintiff,

v.                                          CASE NO.: 8:13cv2660T26TBM

OFFICER AARON PETERMAN, individually
and as a member of Lakeland Police Department,
OFFICER MIKE GLASS, individually
and as a member of Lakeland Police Department,
CITY OF LAKELAND, FLORIDA d/b/a
CITY OF LAKELAND POLICE DEPARTMENT,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    COMES NOW, Plaintiff, CHARLES MOORE ("Mr. Moore"), by and through the undersigned Counsel, hereby sues Defendants, OFFICER AARON PETERMAN ("Defendant PETERMAN"), OFFICER MIKE GLASS ("Defendant GLASS"), and CITY OF LAKELAND, FLORIDA, demands a jury trial, and alleges the following:

### INTRODUCTION

    1.    This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1988 and Fourteenth Amendments to the United States Constitution and a state law tortious battery action under Florida law on behalf of Plaintiff, Mr. Moore, which involves the use of excessive force and battery in effecting the arrest of Mr. Moore by Defendant PETERMAN and Defendant GLASS both employed by the Lakeland Police Department.



2. Defendant PETERMAN used excessive force and committed battery when he commanded a K-9 to attack Mr. Moore failed to protect Mr. Moore from the dog's attack and the beating of Defendant GLASS.

3. Defendant GLASS used excessive force and committed battery when he beat Mr. Moore with fists and knee strikes while Mr. Moore laid defenseless, face-down on the ground.

4. Plaintiff filed a notice of claim pursuant to Fla. Stat. § 768.28, regarding state tort claim against Defendants on December 11, 2012.

5. There is no notice or administrative exhaustion requirement regarding Plaintiff's civil rights claim under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

6. This is an action for damages which exceed the sum of fifteen thousand ($15,000.00) dollars.

7. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331 and 1343; and on the supplemental jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1376 and Local Rule 1.02(b)(4).

8. Venue is proper in this district because it is where the events complained of occurred.

## PARTIES

9. Plaintiff, Mr. Moore is, and was at all times material to this complaint was, a resident of Polk County, Florida.

10. Defendant PETERMAN, at all times material to this complaint, was a police officer for the Lakeland Police Department, located in Polk County, Florida.

11. Defendant GLASS, at all times material to this complaint, was a police officer for the Lakeland Police Department, located in Polk County, Florida.

12. Defendant, CITY OF LAKELAND is a municipality chartered through the State of Florida which, among its other functions, operates and maintains a law enforcement agency known as the Lakeland Police Department. Defendant, CITY OF LAKELAND/ CITY OF LAKELAND POLICE DEPARTMENT, receives federal finds. Defendant, CITY OF LAKELAND/ CITY OF LAKELAND POLICE DEPARTMENT, by and through its officials and employees is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of Lakeland and to preserve to its citizens the rights, privileges, and immunities guaranteed and secured to them by the constitutions and laws of the United States and the State of Florida. The City of Lakeland does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the negligent acts or omissions of its employees arising out of and in the course and scope of their employment complained of herein pursuant to Florida Statutes, Section 768.28.

13. Each and all of the acts of the Defendants and other members of the Lakeland Police Department involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs, and usages of the United States of America, the State of Florida, and the City of Lakeland, under the color of law and by virtue of their authority as law enforcement officers for the City of Lakeland. At all times Defendants were engaged in conduct that was the proximate cause of the violations of Mr. Moore's federally protected rights and state law rights, as particularized within.

## FACTUAL ALLEGATIONS

14. On the early morning of October 18, 2009, Mr. Moore was driving a 2001 Chrysler Concorde to his uncle's residence with his girlfriend, Luciana Singh, in the passenger seat.

15. Defendant PETERMAN identified the vehicle Mr. Moore was driving as allegedly stolen.

16. Defendant PETERMAN followed Mr. Moore to his uncle's residence at or around 1609 Morrell Dr., Lakeland, Florida.

17. When Mr. Moore pulled into the driveway of this residence, Defendant PETERMAN pulled in behind him and switched on his spotlight, without turning on his lights or siren.

18. Defendant PETERMAN then exited his vehicle and began shouting commands at Mr. Moore. Defendant PETERMAN did not identify himself as a police officer, or state e followed the car because it was reported stolen.

19. Mr. Moore did not run, attempt to leave the scene, exhibit aggressive behavior, or try to resist. He did not have any weapons or appear to have any weapons.

20. Mr. Moore proceeded to get on his knees, put his hands behind his back, and lay faced down on the ground in surrender.

21. After Mr. Moore was on the ground, Defendant PETERMAN released his K-9, Charief, without a leash and instructed the dog to attack. The canine proceeded to viciously bite Mr. Moore's right leg for a period long enough to inflict serious injury as Mr. Moore lay defenseless, face-down on the ground.

22. Defendant GLASS then arrived along with Officer Dubose, also of the Lakeland Police Department. At that time, Mr. Moore was still lying face-down on the ground, still being bitten by the canine, bleeding from his leg. Defendant PETERMAN had his gun drawn.

23. Defendant PETERMAN then restrained the K-9 and Defendant GLASS got unto Mr. Moore's back and used his closed fist and knee strikes to hit Mr. Moore in his back. Mr. Moore was still on the ground in a surrendered position and bleeding from his severely injured leg.

24. Mr. Moore endured this brutality before his horrified girlfriend, Luciana Singh, sitting in the passenger seat of the car, and his cousin, Shontia Lowman, who was awakened by Defendant PETERMAN's shouting. Ms. Lowman exited Mr. Moore's uncle's residence upon hearing the shouts and screamed in terror as she watched Mr. Moore being savagely attacked and beaten. Others in the community also saw and heard the incident.

25. As a result of the unnecessary police dog attack instigated by Defendant PETERMAN, Mr. Moore suffered severe tearing of his leg flesh and lacerations. Dr. Eric Wan, M.D. of the Lakeland Regional Medical Center Emergency reported that:

> [h]is right lower leg, the entire calf, there are multiple bites, probably total to about 30cm in size and there are numerous at least 10 lacerations. 5 in the front and 1 back of calf that are gaping open. Subcutaneous tissue is exposed, very-very irregular jagged border type laceration.... a lot of tissues actually missing.

26. Mr. Moore also received sutures to his left ear for a laceration, likely cause by the unnecessary punches and knee strikes applied by Defendant GLASS.

27. In total, at least 48 sutures were required in Mr. Moore's leg and at least 6 sutures were required in his ear.

## COUNT I

## 42 U.S.C. 1983 EXCESSIVE USE OF FORCE CLAIM AGAINST PETERMAN

28. Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint and further alleges:

29. Defendant PETERMAN used an excessive application of force on Mr. Moore when he commanded and allowed the canine to attack Mr. Moore during and after a complete surrender.

30. Defendant PETERMAN, in causing and failing to prevent the attack by K-9, Chareif when he was in a time and place where he could have done so, deprived Plaintiff of his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution.

31. Lakeland Police Department canine Operations Manual requires that before a K-9 is deployed, a warning must be given prior that identifies the police department and the police K-9. The officer must announce that anyone in the location has the opportunity to surrender and the officer must then allow sufficient time for surrender. The officer is also required to announce the possible result of refusal to surrender to include the release of the K-9 and the likely chance that the canine will bite.

32. Defendant PETERMAN did not announce his position as an officer with the Lakeland Police Department; did not announce that Mr. Moore had the opportunity to surrender; and, did not give Mr. Moore the opportunity to surrender.

33. Defendant PETERMAN also deployed the K-9 even while Mr. Moore surrendered and did not stop the attack after it was clear Mr. Moore had surrendered. The

initiation and perpetuation of the attack against M. Moore who was defenseless and fully in a surrendered position was disproportionate to any perceived need for force.

34. Defendant PETERMAN failed to assess the scene and circumstances to determine the need for the use of force.

35. Defendant PETERMAN failed to follow the directions outlined in the canine Operations Manual. As a result, the canine was unnecessary deployed and Mr. Moore was severely bitten by the dog for a substantial period of time—enough to inflict serious permanent injury.

36. Defendant PETERMAN's use of force constituted grossly excessive, unjustified, and unnecessary force which caused serious bodily injury to Mr. Moore. Defendant PETERMAN's use of excessive force was particularly egregious because Mr. Moore was in a surrendered position, yet the dog was allowed to continue its attack.

37. Defendant PETERMAN, in failing to prevent the attack from Defendant GLASS, specifically the punches and knee strikes applied by Defendant GLASS in a time and place where he could have done so, further deprived Plaintiff of his constitutional rights under the Fourth Amendments to the United States Constitution.

38. As a direct and proximate result of Defendant PETERMAN's actions, Mr. Moore has suffered emotional, physical, mental, and economic damages including medical expenses, which continue to this day and will likely continue in the future.

## COUNT II

### 42 U.S.C. 1983 EXCESSIVE USE OF FORCE CLAIM AGAINST GLASS

39. Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint and further alleges:

40. Defendant GLASS unlawfully applied force against Mr. Moore when he beat Mr. Moore with closed fists and knee strikes in his back while Mr. Moore was lying face-down on the ground.

41. Defendant GLASS failed to assess the scene and circumstances to determine the need for the use of force.

42. Defendant GLASS's use of force constituted grossly excessive, unjustified and unnecessary force and caused bodily injury to Mr. Moore. Defendant GLASS's use of excessive force was particularly egregious, because Mr. Moore was already lying face-down on the ground in surrender and bleeding from the canine attack on his right leg.

43. Defendant GLASS, while acting in his capacity as a police officer and under color of law, unlawfully used excessive force on Mr. Moore in violation of his rights under the Fourth Amendment to the United States Constitution.

44. As a direct and proximate result of the conduct of Defendant GLASS's actions, Mr. Moore has suffered emotional, physical, mental, and economic damages including medical expenses, which continue to this day and will likely continue in the future.

## STATE LAW CLAIMS

## COUNT III

## BATTERY CLAIM AGAINST PETERMAN

45. Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint and further alleges:

46. Defendant PETERMAN's use of force upon Mr. Moore was an objectively unreasonable use of force given the totality of the circumstances.

   a. Mr. Moore was already lying on the ground when the canine was deployed.

    b. Mr. Moore did not possess or appear to possess any weapons.
    c. Mr. Moore was not acting in a violent manner.
    d. Mr. Moore did not pose or appear to pose any threat to the officers or others in the vicinity while he was lying face down on the ground and unarmed.
    e. Mr. Moore was in no way trying to escape or flee the area.

47. The amount of force used by Defendant PETERMAN against Mr. Moore was unreasonable or unnecessary to defend himself or any other person from bodily harm during the attempted apprehension and arrest of Mr. Moore.

48. The actions of Defendant PETERMAN, by using excessive force, constituted nonconsensual touch or strike battery causing personal injury of Mr. Moore in violation of Florida law.

49. At all times hereto, Defendant PETERMAN acted in bad faith, with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property in his individual capacity.

50. Under current existing law, Plaintiff avers that the individual Defendant PETERMAN is liable for all torts committed by him and for which Defendant, CITY OF LAKELAND, FLORIDA has not waived immunity under Florida Statutes, Section 768.28 and which include, but are not limited to assault and battery.

51. As a direct and proximate result of the actions of Defendant PETERMAN's actions, Mr. Moore has suffered emotional, physical, mental, and economic damages including medical expenses, which continue to this day and will likely continue in the future.

## COUNT IV

## BATTERY CLAIM AGAINST CITY OF LAKELAND

52. Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint and further alleges:

53.     Defendant PETERMAN battered Mr. Moore, which is actionable against Defendant CITY OF LAKELAND, FLORIDA in its official capacity, pursuant to § 768.28, Florida Statutes.

54.     Defendant PETERMAN's, use of force upon Mr. Moore, was an objectively unreasonable use of force given the totality of the circumstances:

  a. Mr. Moore was already lying on the ground when the canine was deployed.
  b. Mr. Moore did not possess or appear to possess any weapons.
  c. Mr. Moore was not acting in a violent manner.
  d. Mr. Moore did not pose or appear to pose any threat to the officers or others in the vicinity while he was lying face down on the ground and unarmed.
  e. Mr. Moore was in no way trying to escape or flee the area.

55.     Alternatively to the allegations contained in Count III, the battery by Defendant PETERMAN, against Mr. Moore occurred during the course and scope of his employment as a police officer for the City of Lakeland and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

56.     As a direct and proximate result of Defendant PETERMAN's actions, Mr. Moore has suffered emotional, physical, mental, and economic damages including medical expenses, which continue to this day and will likely continue in the future.

## COUNT V

## BATTERY CLAIM AGAINST GLASS

57.     Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint and further alleges:

58.     Defendant GLASS, by beating Mr. Moore with his fists knee strikes in his back while Mr. Moore was lying face-down on the ground, deprived Plaintiff of his constitutional rights under the Fourth Amendment to the United States Constitution.

59. Defendant GLASS's beating of Mr. Moore was an objectively unreasonable use of excessive force given the totality of the circumstances.

   a. Mr. Moore was already lying on the ground face-down when Defendant GLASS arrived.
   b. Mr. Moore had fully surrendered and was bleeding from his leg.
   c. Mr. Moore did not possess or appear to possess any weapons.
   d. Mr. Moore was not acting in a violent manner.
   e. Mr. Moore did not pose or appear to pose any threat to the officers or others in the vicinity while he was lying face down on the ground and unarmed.
   f. Mr. Moore was in no way trying to escape or flee the area.

60. The amount of force used by Defendant GLASS, against Mr. Moore was unreasonable or unnecessary to defend himself or any other person from bodily harm during the attempted apprehension and arrest of Mr. Moore.

61. The actions of Defendant GLASS, by using excessive force constituted nonconsensual touch or strike battery causing personal injury of Mr. Moore in violation of Florida law.

62. At all times hereto, Defendant GLASS acted in bad faith, with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property in his individual capacity.

63. Under current existing law, Plaintiff avers that the individual Defendant GLASS, is liable for all torts committed by him and for which the Defendant CITY OF LAKELAND, FLORIDA, has not waived immunity under Florida Statutes, Section 768.28 and which include, but are not limited to assault and battery.

64. As a direct and proximate result of Defendant GLASS's actions, Mr. Moore has suffered emotional, physical, mental, and economic damages including medical expenses, which continue to this day and will likely continue in the future.

## COUNT VI

## BATTERY CLAIM AGAINST CITY OF LAKELAND

65. Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint and further alleges:

66. Defendant GLASS, battered Mr. Moore, which is actionable against Defendant CITY OF LAKELAND, FLORIDA in its official capacity, pursuant to § 768.28, Florida Statutes.

67. Defendant GLASS's use of force upon Mr. Moore, was an objectively unreasonable use of force given the totality of the circumstances:

   a. Mr. Moore was already lying on the ground face-down when Defendant GLASS arrived.
   b. Mr. Moore had fully surrendered and was bleeding from his leg.
   c. Mr. Moore did not possess or appear to possess any weapons.
   d. Mr. Moore was not acting in a violent manner.
   e. Mr. Moore did not pose or appear to pose any threat to the officers or others in the vicinity while he was lying face down on the ground and unarmed.
   f. Mr. Moore was in no way trying to escape or flee the area.

68. Alternatively to the allegations contained in Count V, the battery by Defendant GLASS against Mr. Moore occurred during the course and scope of his employment as a police officer for the City of Lakeland and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

69. As a direct and proximate result of Defendant GLASS's actions, Mr. Moore has suffered emotional, physical, mental, and economic damages including medical expenses, which continue to this day and will likely continue in the future.

## **PUNITIVE DAMAGES**

70. Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint.

71. To the extent the actions and omissions of the individual defendants complained of herein were lawful, conscience shocking, and unconstitutional and performed maliciously, recklessly fraudulently, sadistically, intentionally, willfully, wantonly, in retaliation, and in such a manner as to entitle the Plaintiffs to a substantial award of punitive damages, such damages are sought as to Counts I, II, III, and IV.

## **DAMAGES**

72. Plaintiff re-alleges and incorporates by reference all the foregoing allegations of this Complaint.

73. As a direct and proximate result of the aforementioned actions and omissions of the Defendants PETERMAN and GLASS, Mr. Moore has been severely injured. The physical abuse performed by these officers caused grievous bodily harm and excruciating pain at the time of the incident. The injuries and pain Mr. Moore suffers will likely continue in the future. Specifically, he suffers from loss of muscle tissue, physical deformity, severe permanent scarring, medical expenses, loss of time, mental anguish, and humiliation.

74. This emotional, physical, mental, and economic damage continues to this day and will likely continue in the future.

75. Mr. Moore seeks recovery from the Defendants of all damages to which he may be entitled under federal and state law for his injuries and damages which include, but are not limited to, the following:

    a. Physical pain and suffering of a past, present, and future nature;

b. Emotional pain and suffering of a past, present, and future nature;

c. Medical expenses of a past, present, and future nature;

d. Loss of enjoyment of life of a past, present, and future nature;

e. Punitive damages against Defendants (Counts I, II, III, and IV);

f. Pre and post judgment interest for all 42 U.S.C. § 1983 claims and post judgment interest for any state law claim;

g. Statutory and discretionary costs;

h. Attorney's fees where permitted by 42 U.S.C. § 1988 or state law; and

i. All such further relief, both general and specific, to which Mr. Moore may be entitled under the premises.

## DEMAND FOR JURY TRIAL

Plaintiff, CHARLES MOORE, requests a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** this 16th day of October 2013.

MICHAEL P. MADDUX, P.A.

*/s/ Michael P. Maddux*
Michael P. Maddux
Florida Bar Number: 964212
2102 West Cleveland Street
Tampa, Florida 33606
Phone: (813) 253-3363
Facsimile: (813) 253-2553
Attorney for the Defendant