UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES L. MOORE,
    Plaintiff,

v.                                CASE NO.: 8:13-cv-2660-T-26TBM

OFFICER AARON PETERMAN, individually
and as a member of Lakeland Police Department,
OFFICER MIKE GLASS, individually
and as a member of Lakeland Police Department,
CITY OF LAKELAND, FLORIDA d/b/a
CITY OF LAKELAND POLICE DEPARTMENT,
    Defendants.
_____/

## OPPOSED MOTION TO EXCLUDE DEFENSE EXPERT WITNESS KENNETH R. WALLENTINE

COMES NOW, the Plaintiff, CHARLES MOORE, by and through his undersigned counsel, and moves this Court, pursuant to Federal Rules of Evidence 401-403 and 704, to preclude Defendants from introducing expert testimony by Kenneth R. Wallentine. Plaintiff's Counsel requests a hearing pursuant to Rule 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *and Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) be held to permit the Court to make necessary reliability findings prior to permitting any testimony by Mr. Wallentine, as to any opinions or conclusions the Defense intends to elicit from him. In support thereof, undersigned counsel states as follows:

1. On October 17, 2009, Charles Moore was stopped by Officer Aaron Peterman.

2. During the stop, Peterman instructed and allowed a police K-9, Chareif, to attack Mr. Moore after he laid face-down on the ground with his hands behind his back.

3. Two witnesses saw the attack and testified that at the time the dog was deployed, Mr. Moore was face-down on the ground with his hands behind his back, and thus not resisting Mr. Peterman.

4. Peterman claims at the time the dog was deployed, Moore was argumentative and told Peterman to "send the dog."

5. Defendants served Plaintiff with their Disclosure of Expert Witness listing Kenneth R. Wallentine. (Exhibit A.)

6. According to the disclosure, Mr. Wallentine wishes to testify as to his assessment of what happened after he "considered various statements and accounts that may be in conflict with one another."[1]

7. Mr. Wallentine also wishes to testify that the force used by Officer Peterman to stop and detain Plaintiff was both reasonable and consistent with generally accepted policies, practices and training for law enforcement officers.

8. In his expert report, he makes the following opinions, among several others, that Defendants wish to introduce:

    1. "Plaintiff was actively resisting efforts to arrest him by disobeying commands to submit and by walking away."
    2. "Plaintiff posed a threat to the public and to officers by disobeying commands and walking toward a house that could easily contain confederates, weapons, potential hostages, barricade opportunities, etc."
    3. "Plaintiff had disobeyed explicit instructions to show his hands."
    4. "Officer Peterman recognized this as a tremendous danger signal, as would any well-trained police officer."
    5. "Officer Peterman limited the force of Charief's bite to a reasonable duration."
    6. "As Officer Glass arrived, he observed plaintiff starting to rise up, noting that one arm was extended and stiff.
    7. "Officer Glass tackled [P]laintiff to hold him down."

---

[1] Essentially, he takes as true all facts most favorable to Defendants.

9. Plaintiff is requesting this Court strike this testimony and exclude this witness, or at a minimum limit the scope of this opinion.

## MEMORANDUM OF LAW

Federal Rule of Evidence 702, as explained in *Daubert*, controls determinations regarding the admissibility of expert testimony on police procedures. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993); *Desai v. Farmer*, 5:12-CV-495-OC-34PRL, 2014 WL 5473564, at *3 (M.D. Fla. Oct. 28, 2014); See also *Berry v. City of Detroit*, 25 F.3d 1342 (6th Cir. 1994) (reversing trial court decision to admit expert testimony on police procedures, and holding *Daubert* applicable to all experts). In *Daubert*, the Supreme Court explained that to determine the admissibility of expert testimony, a trial court must consider if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable*;* and (3) the testimony assists the trier of fact through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *See United States v. Frazier,* 387 F.3d 1244, 1260 (11th Cir.2004). Federal Rules of Evidence 702 provides that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. The "burden of establishing qualification, reliability and helpfulness" lies with the party offering the expert opinion. *McClain v. Metabolife Int'l, Inc.,* 401 F.3d 1233, 1238 (11th Cir.2005).

Plaintiff requests this Court to exclude this expert testimony and witness because (A) the expert does not qualify as he wishes to testify about the generally accepted policies in the state of Florida when he has no experience or knowledge regarding the state of Florida; (B) the expert testimony is not reliable because his conclusions are not the product of the application of any specific expertise; (C) the expert's testimony will not assist trier of fact because it offers nothing more than what lawyers for the parties can argue in closing arguments; (D) the expert's testimony will not assist trier of fact because his conclusions are based on the express opinion that one party's version of the facts as accurate; and (E) even if the expert was qualified, his testimony is not admissible under Rule 403 because the probative value is substantially outweighed by its potential to confuse and mislead the jury.

A. **The Expert Does Not Qualify As He Wishes To Testify About The Generally Accepted Policies In The State Of Florida When He Has No Experience Or Knowledge Regarding The State Of Florida.**

Although the proffered testimony is non-scientific, the Court is obligated to evaluate the expert's qualifications as carefully as it would those of a scientist. *Toscano v. Case,* No. 11–4121(FSH), 2013 WL 5333206, at *7 (D.N.J. Sept.20, 2013) (quoting Rule 702's advisory committee's note (2000)). The expert's area of expertise must include the specific subject matter about which he will testify. *See id.* (noting that a proffered expert who is a police officer is not necessarily qualified to opine on all law enforcement issues). *Desai v. Farmer*, 5:12-CV-495-OC-34PRL, 2014 WL 5473564, at *3 (M.D. Fla. Oct. 28, 2014).

Under the U.S. Constitution, police powers of officers in the state of Florida come from the state of Florida. Wallentine was a police officer and attorney in Utah, and has demonstrated no knowledge or experience in law enforcement under the laws and policies in the state of Florida. While he may know much about practices in Utah, it does not qualify him to testify

about practices in all 50 states regarding the general practices of each state, as the criminal law, policies, practices, and training for law enforcement vary from state-to-state.

The Middle District has disqualified experts on this ground. In *Desai*, the Middle District of Florida Court stated, "[the expert's] practical experience, while involving police departments, is based on his long ago law enforcement training and experience in California. Such experience is of little, if any, usefulness for offering opinions about the practices of a police department in Florida." *Id.* (citing *United States v. Hirschberg,* 988 F.2d 1509, 1513–14 (7th Cir.1993) (finding that Illinois police detective could not opine as to practices of Miami police detective because the witness's testimony was not relevant and his opinion was not a reasoned decision drawn from "a special skill, knowledge or experience"). Wallentine has no personal knowledge of Florida's police policies and has therefore failed to meet his burden of showing he is qualified.

### B. **The Expert Testimony Is Not Reliable Because His Conclusions Are Not The Product Of Reliable Application Of Any Specific Expertise.**

The second admissibility requirement is reliability. *Daubert,* 509 U.S. at 589. The Court's inquiry under Rule 702 must focus on the methodology used to reach his opinions. *Id.* at 595. To fulfill its gatekeeping function under Rule 702, a district court must not simply "'tak[e] the expert's word for it." *Edwards v. Shanley*, 580 Fed. Appx. 816, 823 (11th Cir. 2014)(unpublished) ("If admissibility could be established merely by the *ipse dixit* of an admittedly qualified expert, the reliability prong would be, for all practical purposes, subsumed by the qualification prong.") For the purpose of conducting the reliability inquiry mandated by *Daubert,* the Supreme Court has suggested that a trial court consider a number of factors, which include: (1) whether the theory or technique can be, and has been, tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of

error; and (4) whether the theory has attained general acceptance in the relevant scientific community. *See Daubert,* 509 U.S. at 593–94. Wallentine has not disclosed any technique or theory he has used to reach his conclusions. Further, an expert witness who relies primarily on experience "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed.R.Evid. 702 advisory committee's note (2000 amends.) Here, Wallentine has made no showing of how his experience applies to the case at hand.

Wallentine's testimony should also be excluded because he has acted as an investigator and a factfinder. In his report, he states he conducted his own investigation and determined what he believes occurred. This alone makes his testimony unreliable. *Desai v. Farmer*, 5:12-CV-495-OC-34PRL, 2014 WL 5473564, at *5 (M.D. Fla. Oct. 28, 2014); *Fate v. Village of Spring Valley,* No. 11 Civ. 6838(JPO), 2013 WL 2649548, at *6 (S.D.N.Y. June 13, 2013) (precluding police expert from offering testimony about what he believes actually happened or about the credibility of any witness). He has cited experience, though Plaintiff contends it is not relevant, without explaining how his experience led to his conclusions. He states that he "considered various statement and accounts that may be in conflict with one another" to make his determination but does not explain how his experience is reliably applied to the facts. As in *Desai*, his conclusions are not the product of the reliable application of any specific expertise to the facts of this case, and therefore he has failed to satisfy the requirements of Rule 702.

### C. **The Expert's Testimony Will Not Assist Trier Of Fact Because It Does Not Concern Matters That Are Beyond The Understanding Of The Average Lay Person.**

To assist the trier of fact, expert testimony must concern "matters that are beyond the understanding of the average lay person ... expert testimony generally will not help the trier of

fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Desai v. Farmer*, 5:12-CV-495-OC-34PRL, 2014 WL 5473564, at *3 (M.D. Fla. Oct. 28, 2014) (citing *Frazier,* 387 F.3d at 1262–63). The test for determining the appropriateness of expert testimony is "the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *Rosenfeld v. Oceania Cruises, Inc*., 682 F. 3d 1320 (11th Circuit 2012); *Pelster v. Ray,* 987 F.2d 514, 526 (8th Cir.1993) (quoting Fed. R.Evid. 702 advisory committee's note). Here, the expert wants to testify that if Moore was resisting arrest, it was appropriate for officers to use force. This is an issue any layperson can understand. It requires no technical knowledge, scientific background or even police experience. The opinion is offered, therefore, as unqualified bolstering of Defendants' conduct. Furthermore, whether the amount of force was appropriate for the level of resistance is a fact for the jury. An officer can use force on a person resisting arrest is common sense and whether the force was proportionate is a question for the jury. "No expert testimony is necessary for a jury to determine whether a law enforcement officer is authorized to act in the manner alleged") and matters of common sense do not require or allow for expert testimony. *Desai,* 2014 WL 5473564, at *5*; see also Evans v. Mathis Funeral Home, Inc.,* 996 F.2d 266, 268 (11th Cir.1993).

Further, if the jury choses to accept the officers' accounts, they do not need an expert to explain that force can be used to detain a person who is resisting arrest. An untrained layman would be qualified to determine intelligently, and to the best possible degree, that force was needed without enlightenment from an "expert" when force can be used.

### D. It Will Not Assist The Jury Because The Expert Reached His Conclusions Based On The Express Opinion That Defendants' Version Of The Facts Are Accurate.

In Wallentine's expert report, the following opinions are given after he "considered various statements and accounts that may be in conflict with one another:"

1. Plaintiff was actively resisting efforts to arrest him by disobeying commands to submit and by walking away.
2. Plaintiff posed a threat to the public and to officers by disobeying commands and walking toward a house that could easily contain confederates, weapons, potential hostages, barricade opportunities, etc.
3. Plaintiff had disobeyed explicit instructions to show his hands.
4. Officer Peterman recognized this as a tremendous danger signal, as would any well-trained police officer.
5. Officer Peterman limited the force of Charief's bite to a reasonable duration
6. As Officer Glass arrived, he observed plaintiff starting to rise up, noting that one arm was extended and stiff.
7. Officer Glass tackled plaintiff to hold him down.

Recently, the Middle District of Florida court ruled that if "[an expert] reached his conclusions based on the express assumption that [one party's] version of the facts were accurate, his opinions would not assist the trier of fact in deciding the issues of this case, and therefore are not relevant under Rule 702." *Desai v. Farmer*, 5:12-CV-495-OC-34PRL, 2014 WL 5473564, at *5 (M.D. Fla. Oct. 28, 2014). Here the expert claims "he considered various statement and accounts that may be in conflict with one another" and determined that Officer Peterman's account is accurate and Mr. Moore's account and the accounts of the other witnesses are not. This assumes the credibility of the officers and therefore will not assist the jury charged with determining credibility. In *Desai*, Plaintiff alleged that an officer intentionally pulled a door shut and crushed his hand. The officer denied this allegation. The Court reasoned "an expert opinion [whether] force was necessary to control a citizen who was [not resisting] is unnecessary and will not assist the trier of fact." *Desai*, 2014 WL 5473564, at *5. The expert in this case is making a similar opinion and therefore his testimony is unnecessary.

### E. **Even If The Expert Was Qualified, His Testimony Is Not Admissible Under Rule 403 Because The Probative Value Is Substantially Outweighed By Its Potential To Confuse Or Mislead The Jury.**

The Supreme Court recognized in *Daubert* the intricate role of Rule 403 in an expert testimony admissibility analysis when it noted that expert testimony could be `both powerful and quite misleading because of the difficulty in evaluating it.'" *Allison v. McGhan Medical Corp.,* 184 F.3d 1300, 1310 (11th Cir. 1999) (quoting *Daubert,* 509 U.S. at 595). Exclusion under Rule 403 is necessary if the probative value of otherwise admissible evidence is substantially outweighed by the danger of unfair prejudice, confusion, or waste of time. FED.R.EVID. 403; *see also Frazier,* 387 F.3d at 1263.

In this case, there are two vastly different versions of what happened. Officer Peterman claims Charles Moore was walking away with his back turned when the dog was deployed. The only two witnesses present, and Charles Moore, have testified that Moore was lying face-down on the ground with his hands behind his back when the dog was deployed The expert, on the other hand, is prepared to testify that the officer's account is accurate, and based on his account, the officer's actions were reasonable. This opinion has no probative value since this is a factual issue for the jury to decide independently and requires no technical or scientific explanation. The opinion also has a great prejudicial effect because it will bolster the Officers' testimony if presented while the jury is determining which story is more plausible. His opinion will likely confuse the jury and cause them to believe he is an expert factfinder, which is not appropriate. His opinion should therefore be excluded under Rule 403.

Furthermore, the opinion fails to pass evidence rules because the "reasonableness" of the police officer's use of force is a legal conclusion that is not admissible at trial. *See Myers v. Bowman,* 713 F.3d 1319, 1328 (11th Cir. 2013) (holding that reasonableness of police behavior is a statement of legal conclusions, is not admissible).

## CONCLUSION

The Court should exclude the expert because: (A) the expert does not qualify as he wishes to testify about the generally accepted polices in the state of Florida when he has no experience or knowledge regarding the state of Florida; (B) the expert testimony is not reliable because his conclusions are not the product of the application of any specific expertise; (C) the expert's testimony will not assist trier of fact because it offers nothing more than what lawyers for the parties can argue in closing arguments; (D) the expert's testimony will not assist trier of fact because his conclusions based on the express opinion that one party's version of the facts were accurate; and (E) even if the expert was qualified, his testimony is not admissible under Rule 403 because the probative value is substantially outweighed by its potential to confuse and mislead the jury.

WHEREFORE, the Plaintiff, prays this Honorable Court enter an order to exclude the testimony of Defendants' Expert, Kenneth R. Wallentine.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to the mandates of Local Rule 3.01(g), Rules of the U.S. District Court for the Middle District of Florida, the undersigned counsel has conferred with counsel of record in this matter and they object to filing of this motion.

Respectfully submitted,
**MICHAEL P. MADDUX, P.A.**

*s/ Michael P. Maddux*
Michael P. Maddux, Esquire

**CERTIFICATE OF SERVICE**

      **I, MICHAEL MADDUX, hereby certify** that a true and correct copy of the foregoing has been electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to all counsel of record in this matter on this 22nd day of May, 2014.

      **MICHAEL P. MADDUX, P.A.**

      *s/ Michael P. Maddux*

      Michael P. Maddux, Esquire
      Attorney for the Plaintiff
      Florida Bar Number: 964212
      2102 West Cleveland Street
      Tampa, Florida 33606
      Phone: (813) 253-3363
      Facsimile: (813) 253-2553
      Email: mmaddux@madduxattorneys.com
      Secondary: jhines@madduxattorneys.com