UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES L. MOORE,

    Plaintiff,

v.                                                                   CASE NO.  8:13-cv-2660-T-26TBM

AARON PETERMAN and MIKE GLASS,
individually and as members of the
Lakeland Police Department, and
CITY OF LAKELAND, FLORIDA,
d/b/a City of Lakeland Police Department,,

    Defendants.
_____/

**O R D E R**

    **THIS CAUSE** comes before the Court on Defendants' motion for summary judgment (Dkt. 17) with supporting affidavit (Dkt. 18) and depositions (Dkts. 19-24) and Plaintiff's response in opposition with exhibits (Dkt. 30).  Also before the Court are the parties' memoranda of law discussing the impact of Merricks v. Adkisson, 2015 WL 2264223 (11th Cir. May 15, 2015) on the issue of qualified immunity in this case (Dkts. 33, 34), which were filed at the Court's direction (Dkt. 32).

    Plaintiff's Amended Complaint asserts six claims:  a 42 U.S.C. § 1983 excessive force claim against Defendant Lakeland Police Officer Aaron Peterman (Count I) and Defendant Lakeland Police Officer Mike Glass (Count II); battery against Defendant Peterman (Count III); battery against Defendant City of Lakeland based on Defendant

Peterman's use of force (Count IV); battery against Defendant Glass (Count V); and battery against Defendant City of Lakeland based on Defendant Glass's use of force (Count VI). Defendants contend that they are entitled to summary judgment on all counts because excessive force was not used on Plaintiff. They also assert their entitlement to qualified immunity because they did not violate Plaintiff's clearly established constitutional rights.

Summary judgment is appropriate where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (citation omitted). On a motion for summary judgment, the court must review the record, and all its inferences, in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Having done so, the Court finds that Plaintiff correctly identifies several issues of material fact that still exist in this case and correctly argues that qualified immunity is not applicable in this instance.

First, a genuine dispute still exists as to whether Plaintiff had surrendered when he was attacked by the canine. Whether the victim of excessive force surrendered before force was used is a material fact. See Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 927 (11th Cir. 2000) (finding excessive force when police allowed dog to attack a Plaintiff who was on the ground and not attempting to flee). Plaintiff testified that he

fully surrendered and laid flat on the ground on his belly (see Dkt. 24, Plaintiff's Deposition, p. 57: 11-21), whereas Defendant Peterman testified that Plaintiff never surrendered (see Dkt. 22, Defendant Peterman Deposition, p. 41:2-4).  Defendant Peterman testified that he commanded the canine, Charief, to apprehend Plaintiff as he walked to the house (see Dkt. 22, Defendant Peterman Deposition, p. 41:1-15).  Plaintiff, on the other hand, testified that he surrendered and was lying face down on the ground when the canine was deployed (see Dkt. 24, Plaintiff's Deposition, p. 74:1-25).

   Next, there remains a genuine issue of fact as to the length of time of the canine bite.  As Plaintiff correctly asserts, the length of the bite is also a material fact.  See Edwards v. Shanley, 666 F.3d 1289, 1292-93 (11th Cir. 2012) (ruling that jury can find excessive force based on a two minute bite).  Defendant Peterman claims that the bite was within a matter of seconds (see Dkt. 22, Defendant Peterman Deposition, p. 42:5-17), whereas Plaintiff felt the bite lasted a long time, but then stated, "I don't know how long the dog was on me" (see Dkt. 24, Plaintiff's Deposition, p. 127:17).  Luciana Singh, an eyewitness to the incident, testified, "the bite had to be 5-10 minutes.  It might be an exaggeration, but it seemed like a long period of time" (Dkt. 30, Ex. A, Transcript, pp. 10:24-25; 13-1.)  The emergency medical report from Lakeland Regional Medical Center Emergency noted "at least 10 different types of lacerations that needed to be sutured ... subcutaneous tissue exposed and a lot of tissues actually missing." (Dkt. 30, Ex. C, Lakeland Regional Medical Emergency Report, ¶ 4, dated Oct. 18, 2009.)

Finally, there is a genuine issue for trial as to whether Plaintiff was on the ground when he was hit several times in the head by Defendant Glass. Defendant Glass claims that "Plaintiff hid his hands and resisted until he and Officer Dubose could get him handcuffed." (Dkt. 23, Defendant Glass Deposition, pp. 21:6-23:16.) Witnesses and Plaintiff stated that Plaintiff's hands were already behind his back. (Dkt. 19, Jacqueline Lowman Deposition, p. 8:14-18 (testifying that while watching the interaction she believed Plaintiff had already been handcuffed because he was lying on the ground with both hands behind his back).)

Furrthermore, Defendant Officers are not entitled to qualified immunity because such immunity "shields government officials from liability for civil damages for torts committed while performing discretionary duties <u>unless</u> their conduct violates a clearly established statutory or constitutional right." <u>Hadley v. Gutierrez</u>, 526 F.3d 1324, 1329 (11th Cir. 2008) (emphasis added). As Plaintiff correctly contends, there is a two-step sequence for resolving government officials' qualified immunity claims. <u>Pearson v. Callahan</u>, 129 S. Ct. 815-16 (2009) (quoting <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001)). The Court must determine whether the facts alleged, taken in the light most favorable to the Plaintiff, show that the government official's conduct violated a constitutional right. <u>Pearson</u>, 129 S.Ct. at 816. If a violation can be made out, the Court must then ask whether that right was clearly established. <u>Id.</u> Qualified immunity must be denied as to both Defendant Peterman and Defendant Glass because: (1) allowing the canine to chew

on Plaintiff's leg after he surrendered (as previously discussed, this material fact remains in dispute) violated Plaintiff's Fourth Amendment Rights and (2) the right to not be subjected to excessive use of force by police dogs or police beating is clearly established. See Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 923-24 (11th Cir. 2000).

The Eleventh Circuit has found that the unconstitutionality of the police beating a suspect who is not resisting is clearly established. In King v. Reap, the plaintiff was stopped and put a plastic baggie of crack cocaine in his mouth. 269 F. App'x 857, 859 (11th Cir. 2008) (unpublished). He was ordered to open his mouth and refused, but he was neither attempting to escape or being violent. The officers slammed him, hit him in the head with a flashlight, and tried to use a metal tool to get his mouth open, causing the plaintiff to sustain injuries. The Eleventh Circuit noted "[the plaintiff] was not attempting to escape or violent; indeed, [the plaintiff] was charged with nonviolently resisting arrest." Id. The Eleventh Circuit ruled "[t]here is no question that the Appellants had fair warning that their actions violated [the plaintiff's] constitutional rights." The Court added that force against a suspect who was not resisting "falls within the core of what the Fourth Amendment prohibits." Id. (internal quotations omitted).

Although the parties were directed to submit memoranda discussing the Eleventh Circuit's recent opinion granting qualified immunity in Merricks v. Adkisson, 2015 WL 2264223 (11th Cir. May 15, 2015), the Court is not convinced that this opinion has any impact on the issue of qualified immunity in the instant case. As Plaintiff asserts, the

Eleventh Circuit outlined the steps this Court must take to determine the applicability of qualified immunity: (a) resolving factual disputes in the non-movant's favor, id. at *2; (b) looking at materially similar cases to determine if the Fourth Amendment violation was clearly established, id. at *3; and (c) determining whether the conduct fits within the exception for conduct "at the very core of what the Fourth Amendment prohibits," id. at *7. Consequently, this Court must assume that when each officer used force against Plaintiff, he was not resisting, and, as reaffirmed in Merricks, it is clearly established by substantial Supreme Court and Eleventh Circuit case authority "that harming a suspect after that suspect is compliant, cooperative, under control, or otherwise subdued is gratuitous and, therefore, constitutionally excessive." 2015WL 2264223, at *7. Therefore, Defendants are not entitled to qualified immunity.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendants' Motion for Summary Judgment (Dkt. 17) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on June 10, 2015.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to:**
Counsel of record